**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**S2 AUTOMATION LLC,**

        Plaintiff,

**v.**                               **No.  CV 11-884 JB/WDS**

**MICRON TECHNOLOGY, INC.,**

        Defendant.

---

**MICRON TECHNOLOGY, INC.'S
MOTION TO COMPEL**

---

Micron Technology, Inc. ("Micron"), by and through its attorneys, Holland & Hart LLP,

submits this Motion to Compel pursuant to Federal Rules of Civil Procedure 26, 33, and 34 and

District of New Mexico Local Rules 7.1,[1] 26.6, and 37.1.

## I.      INTRODUCTION

S2 Automation LLC ("S2") has filed a lawsuit against Micron, seeking extensive

monetary damages, and now attempts to withhold from Micron the most basic of discovery.

S2 has utterly failed to meet its obligation to meaningfully respond to discovery in this matter.

For example, in violation of Rule 26(b)(5), S2 has refused to provided Micron with a privilege

---

[1] Pursuant to District of New Mexico Local Rule 7.1(a), Micron certifies that this motion is
opposed.  Micron further certifies that it has made a good faith request for concurrence by
S2 and has been unsuccessful.  As set forth in the Declaration of Scott Randolph, filed
contemporaneously herewith, Micron sent a detailed meet and confer letter to S2 after it
reviewed S2's responses and identified the deficiencies.  S2 has failed to substantively respond
to Micron's attempts to meet and confer and has not supplemented its deficient responses.

log.  S2 has similarly ignored its obligation to provide electronically stored information in the

format requested by Micron; it has instead separated attachments from e-mail messages and

failed to provide Micron with metadata for the email messages.  S2 has also failed to provide a

complete set of documents to requests served by Micron.  S2's failure to properly respond to

discovery is unsurprising given that its counsel has candidly acknowledged (1) he simply turned

the process of gathering documents over to S2, (2) was not personally aware of how or to what

extent S2 conducted its document gathering, and (3) was not involved in evaluating the format of

what was provided.  Last, S2 has failed to provide complete responses to many of Micron's

requests, which is prejudicial to Micron.  Despite having been notified of the deficiencies, S2 has

refused to provide supplemental responses.  For these reasons, Micron requests an order

requiring S2 to supplement its discovery responses and award of fees and costs incurred in

bringing this motion.

## II.     PROCEDURAL BACKGROUND

On March 9, 2012, Micron served its first set of discovery to S2.  (Ex. A to the

Declaration of Scott E. Randolph dated May 3, 2012 ("Randolph Decl.") (attaching relevant

portion of requests).[2]  On Monday, April 9, S2 served a disc with some of the responsive

documents.  (Randolph Decl. ¶ 3.)  On April 12, 2012, after receiving a short extension from

Micron to serve responses, S2 served its responses and objections along with the remainder of

the documents.  (Ex. B., Randolph Decl. (attaching relevant requests and responses).)  That same

day, Micron's counsel wrote to S2's counsel to remind it of the specific format requested for

---

[2] To comply with page limitations imposed by Local Rule 10.5, Micron has attached only
relevant portions of the requests.

document production.  (Randolph Decl. ¶ 5.)  Micron's counsel received no response to that letter.  (*Id.*)

On April 25, 2012, Micron served S2 with an extensive deficiency letter which detailed specific deficiencies in S2's responses.  (Ex. C, Randolph Decl.)  On April 27, 2012, counsel held a telephone conference regarding other discovery issues, including S2's refusal to enter into an appropriate protective order and claw back agreement.  (Randolph Decl. ¶ 7.)  During that call, S2's counsel informed Micron's counsel that he was not prepared to respond to the substance of the deficiencies that Micron had identified in the letter – and in fact, that S2's counsel was not aware that S2 had separated e-mail messages from attachments, that he had delegated the process of gathering documents to S2, and that he was generally unaware of the manner in which S2 had provided the documents.  (Randolph Decl. ¶ 7.)  On May 1, 2012, Micron's counsel sent another message requesting that S2 respond with its position on the deficiencies identified in the April 25 letter.  (Randolph Decl. ¶ 8.)  To date, S2 has failed to respond to the letter and has failed to supplement its discovery responses.  (*Id*.)

### III.   LEGAL STANDARD

Rule 37(a) allows parties to move to compel.  "Under rule 37(a)(4), 'an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.'"  *Lewis v. Goldsberry*, No. CIV 11–0283 JB/ACT, 2012 WL 681800, *4 (D. N.M. Feb. 27, 2012).  "If a party refuses to turn over documents through proper discovery, a party should move to compel production pursuant to rule 37."  *Id.*

# IV.    ARGUMENT

## A.    S2 IS OBLIGATED TO PRODUCE A PRIVILEGE LOG.

S2 has failed to provide a privilege log.  (Randolph Decl. ¶ 4.)  Under Federal Rule of Civil Procedure 26(b)(5), when a party withholds information because of privilege, it is obligated to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclose—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  The obligation to provide a privilege log is well-established, including in decisions from this Court. *See, e.g.*, *Walker v. THI of New Mexico at Hobbs Ctr.*, No. CIV 09-0060 JB/RLP, 2010 WL 4929069, *5 (D. N.M. Oct. 20, 2010) (ordering the defendants to produce a privilege log).  In *Bhandari v. VHA Southwest Com'ty Health Corp.*, No. CIV 09-0932 JB/GBW, 2010 WL 4928874, *4 (D. N.M. Oct. 18, 2010), this Court ordered the defendants to provide a privilege log that would "describe the documents that they are withholding, any persons identified in the documents, the relevant dates, the relevant Bates numbers, and the privilege invoked."  A privilege log of this sort is appropriate here.  As noted, S2 has withheld documents based on privilege.  Micron therefore requests that the Court order S2 to prepare and provide a log that requires S2 to provide sufficient information so that Micron can evaluate the applicability of any privilege claimed.[3]

---

[3] The privilege log should be ordered to set forth:  The general nature of the document (without disclosing its contents); the identity and position of its author; the date it was written; the identity and position of all addresses and recipients; the document's present location; the specific reason(s) it was withheld (which privilege claimed, etc.).

**B.      S2 SHOULD PRODUCE ESI IN THE FORMAT REQUESTED BY MICRON.**

S2 has ignored the format for production requested by Micron for electronically stored

information ("ESI"), *see* Ex. A to Randolph Decl. at 6-7 (attaching requested format for

production), and has instead produced documents in a format that is not reasonably nor readily

useable by Micron.  Of significance, S2 separated attachments from e-mail messages, and placed

the attachments in an entirely separate folder – rendering it difficult or impossible to match up

which attachments were originally sent with each email.  (Randolph Decl. ¶ 3.)  S2 has also

printed the e-mail messages as .pdf files, so that they lack any metadata.  E-mail messages also

were not organized by custodian, were not organized chronologically, and were not produced in

the form in which they would have been ordinarily maintained in the course of business by S2.

(*Id*.)

This is improper.  Under Federal Rule of Civil Procedure 34(b)(C), Micron was entitled

to "specify the form or forms in which electronically stored information is to be produced."

Micron complied with this rule in its initial request.  (Ex. A to Randolph Decl.)  S2 has never

lodged an objection to the format requested by Micron, yet it has altogether ignored Micron's

requested format and has utilized a format that is difficult or impossible to reasonably use, and

lacks context because the attachments have been separated from source messages.  *See Families*

*for Freedom v. U.S. Customs and Border Protection*, No. 10 Civ. 2705(SAS), 2011 WL

4599592, *5 (S.D.N.Y. September 30, 2011) ("Context matters. The attachments can only be

fully understood and evaluated when read in the context of the emails to which they are

attached.").  Consistent with Rule 34(b)(C), S2 should be ordered to produce e-mail messages

and other documents in the format requested by Micron and produce email messages with attachments, if any.

### C.   S2 SHOULD BE ORDERED TO IDENTIFY ITS SEARCH STRATEGY THAT IT USED TO IDENTIFY RESPONSIVE DOCUMENTS.

During the phone conference on April 27, 2012, S2's counsel stated he was not familiar with the content of the documents provided by S2 in response to discovery and was not aware that the attachments had been separated from the source messages.  (Randolph Decl. ¶ 7.) Defense counsel's understanding from the conversation is that S2's counsel had delegated the task of searching for and gathering responsive information to S2 and that he was not sure what protocol had been followed by S2 to gather the documents.  (*Id.*)  This is improper.

It is not proper for counsel to sit back and allow the client to search for documents without active direction and participation by counsel; to the contrary, counsel must be actively involved in the search to ensure that all responsive documents have been located, preserved, and produced.  *See, e.g., Metropolitan Opera Ass'n, Inc. v. Local 100 Hotel Employees and Restaurant Intern.*, 212 F.R.D. 178, 222 (S.D.N.Y. 2003) (imposing sanctions due to counsel's improper delegation of discovery process, lack of follow up to ensure complete responses, and failure to remedy defects when prompted by opposing party).  This is consistent with the certification requirement of Federal Rule of Civil Procedure 26(g), which required counsel to certify that "with respect to a disclosure, it is complete and correct as of the time it is made[.]"

As discussed below, S2's counsel has disregarded this requirement and improperly delegated the entire task of searching, gathering and properly producing responsive documents to his client.  Such an approach carries significant risk that responsive information will not be discovered and/or disclosed, as has happened here.  For example, S2 has simply refused to

produce intra-company documents (including e-mail messages) regarding the very contracts that are at issue in this litigation.  (Randolph Decl. ¶ 3.)  In many cases, S2 has simply produced a sample of the documents known to exist and has refused to produce the remainder.  (*Id.*)  Based on S2's counsel's statement, it appears that S2 may not fully appreciate the extent of its legal obligations to search for and produce *all* responsive non-privileged information in response to Micron's request.  It is clear that S2's counsel was not involved in the document gathering process as he should have been.  Micron therefore requests that the Court order S2 to specifically identify, in detail, the procedures it followed to gather responsive information and how this resulted in the meager disc of documents that was produced by S2.  To the extent that S2 used key word searches, or other methods of selecting potential documents for inclusion in the production set, Micron requests that the Court order S2 to identify what protocol it used so that Micron can evaluate what further efforts are required.[4]  As the Court will see, there are entire categories of documents which S2 (by virtue of its business and pursuit of the instant lawsuit) must have, yet is either refusing to produce or claiming it doesn't have.

### D.      S2 SHOULD BE ORDERED TO FURTHER RESPOND TO MICRON'S FIRST SET OF REQUESTS FOR PRODUCTION.

A great many of S2's responses to Micron's First Set of Requests for Production are inadequate, incomplete, and evasive.[5]  Under Federal Rule 37(a)(3), "an evasive or incomplete

---

[4] To the extent that S2 asserts that documents may be in the possession of its S2 Automation Israel LTD entity, certainly S2 has "control" of that entity for purposes of its discovery obligations under the Rules.

[5] Due to page limitations imposed by the Local Rules, Micron has highlighted the most egregious examples of S2's failure to respond to discovery in this motion.  Micron is hopeful that the Court's ruling on this motion will cause S2 to revisit its other responses and supplement where appropriate.  Micron reserves the right to raise further deficiencies if S2 refuses to do so.

disclosure, answer, or response is to be treated as a failure to disclose, answer or respond."

*Cabot v. Wal-Mart Stores, Inc.*, No. CIV 11–0260 JB/RHS, 2012 WL 592874, *9 (D. N.M. Feb. 16, 2012).  As the party opposing the requests, S2 is obligated "to show specifically how each request is not relevant or how each request is overly broad, burdensome or oppressive."

*Barnhardt v. Meridian Municipal Separate School Dist.*, No. 4:65–cv–1300 HTW–LRA, 2012 WL 1067105, *3 (S.D. Miss. March 28, 2012).  Stated another way, "the party interposing an objection has the burden of establishing its claim of privilege or protection; a baldfaced assertion is insufficient."  *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984).

> **Request for Production No. 2**:  Please produce all correspondence to or from you with any party, individual, or business entity which pertains or which you contend pertains to any issues of liability, damages, or other matters raised in this litigation.
>
> **RESPONSE**:  See all bates stamped documents being produced.  Specifically, S2.0001- S2.01691 and S2.2000-S2.2571.

S2 has not objected to this request.  (Ex. B, Randolph Decl. at 10.)  Nevertheless, S2 has failed to produce all correspondence between S2 or its management team, S2 Israel and its management team, Yosef Astanovsky, and any other representatives of S2 relating to this litigation.  (Randolph Decl. ¶ 3.)  There is no basis for S2 to have withheld this information, because it is within S2's possession, custody, or control, which this Court has recognized includes where "a party has actual possession, custody, control, or the legal right to obtain the documents on demand."  *Walker*, 2010 WL 4929069, *5.  S2 should have searched its e-mail network and that of S2 Israel, Mr. Astanovsky, and any other agent or affiliate, and produced all responsive documents.  Instead, S2 produced a self-selected sample of e-mail messages between

S2/S2 Israel and employees of Numonyx Israel/Micron Israel.  S2 should be ordered to produce all correspondence responsive to this request.

> **Request for Production No. 12**:  Please produce any contracts or agreements entered into between you and Numonyx Israel, including all drafts or revisions of such contracts or agreements.

> **RESPONSE**:  Objection as there was never a distinction between Numonyx and Numonyx Israel; therefore, in response to these discovery responses S2 considers them one and the same.  See Response to Request for Production No. 9.

S2's reference to the objection to Request for Production No. 9 is improper because S2's objection to Request for Production No. 9 merely references S2's response to Request No. 6.  In turn, Response No. 6 references S2's answer to Interrogatory No. 7.  Interrogatory No. 7 relates to anticipated trial exhibits.  The incorporation by reference of prior objections and responses by S2 is unduly burdensome and improper in this context.  It is improper for a party to use this type of objection, with each objection simply referencing another response or objection instead of simply stating an objection to the request itself.  Fed. R. Civ. P. 34(b)2)(B), (C).  S2's pattern of objecting by reference to another response, where that objection merely references another objection or response does not allow Micron to meaningfully evaluate what specific information has been provided, and what specific information has been objected to, in response to a particular request and does not comply with the requirement to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  *Id.*   Such objections also unnecessarily complicate the deposition and witness examinations because witnesses, when being asked to testify about a particular document request, will be lost in a maze of objections -- instead of being able to review a single, consolidated response, with a complete objection.

In addition, the request required S2 to provide all drafts and contracts executed with Numonyx Israel.  Even if it were proper to reference responses and objections to prior requests, S2's response is inadequate because it has failed to provide any drafts or revisions of such contracts or agreements, as required by the request.  Micron thus requests that the Court order S2 to produce all contracts or agreements, including any drafts or revisions, entered into by S2 and Numonyx Israel.  Micron also requests that S2 be ordered to amend its response to eliminate the improper objections.

> **Request for Production No. 13**:  Please produce all documents, including but not limited to all correspondence, memoranda, and ESI, relating to any contracts entered into between you and Numonyx Israel.

> **RESPONSE**:  Objection as there was never a distinction between Numonyx and Numonyx Israel; therefore, in response to these discovery responses S2 considers them one and the same.  See Response to Request for Production No. 9.

Once again, S2 referenced a prior response, which in turn incorporated prior objections and responses.  Such a response is inadequate for the reasons explained.  Micron requests that S2 be ordered to amend its response to eliminate the improper objections.  S2 has also failed to provide any internal correspondence, memoranda, and ESI, relating to the contracts.  Instead, when Micron follows the chain of responses to the beginning, S2 has referenced only a few contracts and has not produced any documents reflecting S2's internal position on the contracts at issue.  This includes correspondence S2 may have had with its agents and related parties such as S2 Israel and Yosef Astanovsky as demanded by the request.

S2 should be required to produce the requested information as documents related to the contracts are relevant to the claims asserted by S2 and the defenses raised by Micron. Production is further required by S2 because it has failed to lodge any meaningful objection to

the requests aside from the statement that S2 believed Numonyx and Numonyx Israel to be one and the same.  *See F.T.C. v. Foster*, No. CIV07-00352 JB/ACT, 2007 WL 1827099, *3 (D. N.M. June 11, 2007) (finding waiver where a party fails to timely serve objection to requests for production).  Micron therefore requests that S2 be ordered to produce all responsive documents to this request.

> **Request for Production No. 14**:  Please produce all documents including, but not limited to all invoices, log books, purchase orders, or other statements of account, reflecting or documenting services performed by you at Fab 12.

> **RESPONSE**:  Object as Request for Production No. 14 is not reasonably calculated to lead to the discovery of admissible evidence, is not relevant to the subject matter involved in the pending action, is unduly burdensome, obtainable from some other source that is more convenient, less burdensome and less expensive and is not limited by any time frame.  Without these objections see bates stamped documents S2.2303-S2.2466 and S2.2000-S2.2134.

S2 has objected to this request, contending that it requests information beyond the scope of discovery.  However, log books, invoices, purchase orders, and statements of account are reasonably calculated to lead to the discovery of admissible evidence because the services performed by S2 and the basis for termination by Micron Israel are presented by the pleadings. As such, the objection should be overruled.  The objection as to timeframe is meritless as S2 has failed to explain why it would be unreasonable to provide responsive documents for all services performed at S2.  Reviewing these documents would allow Micron to evaluate the entire course of performance by S2 and further demonstrate why S2's performance problems led to termination of the SOW.  Furthermore, it is unclear from the objection and response what items have been produced.  For example, while S2 has produced some invoices and purchase orders, it is far from clear whether all such documents have been produced or whether certain documents

have been withheld from production.  And, for the invoices that were produced, they do not

appear to have been produced in any particular order.  (Randolph Decl. ¶ 3.)

> **Request for Production No. 15**:  Please produce all documents including, but not
> limited to all invoices, purchase orders, or other statements of account, reflecting
> or documenting any parts or equipment installed by you at Fab 12.

> **RESPONSE**:  See Response to Request for Production No. 14.

S2 simply incorporated by reference its response to Request for Production No. 14.  This

response was improper for the reasons discussed above.  Micron Israel was entitled to request

invoices, purchase orders, or other statements of account reflecting or documenting parts or

equipment installed by S2 that are in S2's possession, custody, and control to evaluate its

performance history, charges, and the validity of the assertion that Micron Israel improperly

terminated the SOW.  This would help Micron identify what items included in the "inventory"

that is the subject of S2's Complaint have already been invoiced, and paid by Micron Israel or its

predecessor Numonyx Israel.  The objection should be overruled and S2 ordered to produce all

documents responsive to this request.

> **Request for Production No. 18**:  Please produce all documents that identify the
> inventory referenced in the Complaint.

> **RESPONSE**:  See Answer to Interrogatory No. 5.

Once again, S2 simply incorporated by reference its answer to another discovery request.

This is improper and S2 should be ordered to amend its responses to properly respond to each

specific request.  Furthermore, Interrogatory No. 5 requests information regarding damages.

Thus, the items provided in response to that interrogatory speak to damages but do not

encompass all documents identifying the inventory that is the subject of S2's Complaint.  S2

should be ordered to search for all responsive documents that identify the inventory and produce

the same, without simply incorporating by reference a prior answer to an interrogatory on a

separate subject.

>**Request for Production No. 19**:  Please produce all documents that identify
>prices (e.g., wholesale or retail) of the inventory referenced in the Complaint.

>**RESPONSE**:  See Answer to Interrogatory No. 5.

Once again, S2 incorporated by reference its answer to an unrelated interrogatory.  S2 has

not, however, provided its own pricing lists, catalogues, or other documents that identify prices

for the inventory items referenced in the Complaint.  It is improper for S2 to refuse to provide

this information when it is seeking to recover damages and impose a constructive trust based on

the value of the inventory that Micron Israel is alleged to have improperly retained.  As a

supplier of parts to Numonyx Israel and then to Micron Israel, S2 certainly has documents in its

possession, custody, or control that show and demonstrate the prices for each of the specific

inventory items that are at issue.  S2 has simply refused to produce the information.  This is

improper and S2 should be ordered to provide Micron with all documents in its possession,

custody, and control that are responsive to this request.

>**Request for Production No. 20**:  Please produce all documents that identify what
>you paid for the inventory referenced in the Complaint.

>**RESPONSE**:  Objection as Request for Production No. 20 requests information
>that is not relevant to the subject matter involved in the pending action and the
>information sought does not appear to be reasonably calculated to lead to the
>discovery of admissible evidence.  Without waiving these objections S2 is unable
>to reconstruct what was paid for the inventory because the Inventory items were
>purchased at various times and used at various locations.  The documents showing
>the amounts billed and the items shipped has been produced in response to prior
>discovery responses.

S2 refused to produce documents showing amounts paid for the inventory contending that

it was "unable to reconstruct what was paid."  This objection is unfounded because the inventory

documents provided by S2 contain part numbers and, as a parts supplier and purchaser, S2 has

access to information about prices paid by S2 for the items in question during the relevant

periods.  (Randolph Decl. ¶ 9.)  It is not satisfactory for S2 to produce only documents showing

amounts billed for some of the inventory during a period of time because that has no relationship

to prices actually paid by S2 for the items in question.

> **Request for Production No. 24**:  Please produce all documents that identify any
> parts or inventory that you caused to be delivered to Fab 12 and identify the price
> of those parts or inventory.
>
> **RESPONSE**:  Object as Request for Production No. 24 is not reasonably
> calculated to lead to the discovery of admissible evidence, is not relevant to the
> subject matter involved in the pending action, is unduly burdensome and is not
> limited by any relevant time frame.  Without waiving this objection see bates
> stamped documents S2.2135-S2.2302.

S2 objected to this request as seeking information that is beyond the scope of discovery,

irrelevant, unduly burdensome, and unlimited in relevant time frame.  Micron requests an order

requiring S2 to amend its response because objections regarding scope of discovery and time

frame are not well stated.  A key defense in this action is that S2 does not actually own the parts

in question and cannot document a claim to ownership.  Thus, documents showing parts that S2

delivered to the facility and prices paid would be discoverable and relevant.  The items produced

appear to be a sample of customs invoices but are not complete and were not produced in the

form in which they were maintained.  Micron requests that S2 supplement its response to this

request and provide all responsive documents and information in the format requested by

Micron.

> **Request for Production No. 25**:  Please produce all documents depicting any
> payment(s) you received for the parts or inventory referenced in the preceding
> request

**RESPONSE**:  Object as Request for Production No. 25 is not reasonably calculated to lead to the discovery of admissible evidence, is not relevant to the subject matter involved in the pending action, is unduly burdensome, is obtainable from some other source that is more convenient, less burdensome and less expensive and is not limited by any time frame.  Micron has documents reflecting payment under the terms of the S2 Agreements which it can readily retrieve from its own files.  Subject to that objection, S2 is producing accounting documents (QuickReport printout) marked as S2.2558-S2.2571 showing the payments received from Micron.

It is difficult to understand the basis for S2's objection.  If S2 has already been paid for the inventory referenced in the Complaint, then it surely should not be entitled to seek damages from Micron in this action.  Yet S2 persists in its demand for damages.  For that reason, documents reflecting payments to S2 for parts are relevant and discoverable.  Micron thus requests that the objections be overruled and S2 be ordered to produce all responsive documents.  Furthermore, the QuickReport printout is inadequate because it does not identify payments for parts, contains categories like "Engineering Income" and simply records lump sum payments.  (Randolph Decl. ¶ 10.)  It also does not contain any reference to payments by Numonyx Israel, which would undeniably be relevant to the issues presented.  (*Id.*)

**Request for Production No. 26**:  Please produce payroll records for any person who you employed or caused to work at Fab 12 from January 1, 2008 to the present.

**RESPONSE**:  Object as Request for Production No. 26 requests information that is not relevant to the subject matter involved in the pending action and the information sought does not appear to be reasonably calculated to lead to the discovery of admissible evidence.

S2 refused to provide Micron with any documents in response to this request notwithstanding the fact that whether or not it provided proper personnel, as required by the SOW, is a central issue in the litigation.  Whether in fact S2 deployed adequate personnel, the identity and qualification of those personnel, and the timing of when they were engaged are

relevant to Micron Israel's determination to terminate the SOW with S2 for cause.  At the very least, this is reasonably calculated to lead to the discovery of admissible evidence as S2 has alleged that Micron Israel terminated the SOW in bad faith.  If S2 failed to hire sufficient personnel, that fact would be relevant to Micron Israel's motivations in deciding to terminate the SOW.  Micron therefore requests that the Court order S2 to produce the documents requested.

> **Request for Production No. 27**:  Please produce time sheets for any person who you employed or caused to work at Fab 12 from January 1, 2008 to the present.
>
> **RESPONSE**:  Object as Request for Production No. 27 requests information that is not relevant to the subject matter involved in the pending action, the information sought does not appear to be reasonably calculated to lead to the discovery of admissible evidence and are obtainable from some other source that is more convenient, less burdensome and less expensive.  Without waiving these objections S2 does not have any documents responsive to this request.  The time records and similar documents are in the possession of Micron.  If S2 is provided access to Micron's computer systems, the documents can be retrieved.

S2's position on this request is improper for the reasons stated immediately above.  There is no basis for S2 to withhold something so basic as time sheets, where it is relevant to the performance of the contract and whether S2 satisfied its duties to provide proper staffing.  Furthermore, it is unclear how S2 contends that Micron would maintain time sheets for personnel engaged by S2.  Finally, the objection as to the documents being obtainable from Micron is not well stated; S2 is required by Rule 34 to produce the responsive documents it has in its possession, custody or control.  *See Jackson v. West Virginia Univ. Hosp., Inc.*, No. 1:10cv107, 2011 WL 1831591, *2 (N.D. W. Va. May 12, 2011) (collecting cases and observing that blanket objections regarding availability from other sources are generally insufficient); *Jo Ann Howard and Assoc., P.C. v. Cassity*, No. 4:09-cv-01252 ERW, 2012 WL 461222, *1 (E.D. Mo. Feb. 13, 2012) (citing *Jackson* and noting that "[d]efendants' sole argument against this obligation is

unavailing, because a party is not relieved of its obligation to produce discovery materials merely

because those materials are available from other sources").  Micron thus requests that the Court

order S2 to provide the time sheets requested and overrule the objection stated by S2.

> **Request for Production No. 28**:  Please produce all shipping records, manifests, bills of lading, or other documents that identify any parts, equipment, tools, or other moveable object that you caused to be transported to Fab 12.

> **RESPONSE**:  Object as Request for Production No. 24 is not reasonably calculated to lead to the discovery of admissible evidence, is not relevant to the subject matter involved in the pending action, is unduly burdensome, overly broad as it is not limited by any time frame.  Without waiving this objection see bates stamped documents S2.2135-S2.2302.

Once again, S2 has lodged a litany of improper objections in response to this request.

The objections to relevance and scope are improper.  Documents identifying the items S2

shipped to Fab 12 is relevant to S2's claim in the Complaint regarding the inventory and tool

kits.  Ownership of those items is disputed.  Micron must be allowed this discovery to see what

documents S2 has in its possession, custody, and control regarding parts, equipment, and tools

transported to Fab 12.  S2's response is inadequate because the items listed appear to be an

incomplete set of customs invoices but do not include the full set of information covered by the

subject request.  Furthermore, they were not produced in the format requested by Micron or in

the form in which they are ordinarily maintained in the course of business.

> **Request for Production No. 30**:  Please produce all documents describing or identifying your relationship with S2 Automation Israel, Ltd.

> **RESPONSE**:  S2 does not have any documents in its possession at the present time reflecting the ownership or relationship with S2 Israel.

S2's response to this request is astonishing.  Very recently, S2 has identified S2

Automation Israel, Ltd. ("S2 Israel") as its subcontractor on work performed at Fab 12.

(Amended Complaint, ¶ 33.)  S2 also mentions its capabilities in Israel, and lists Yosef

Astanovsky of S2 Automation Israel, Ltd. as a member of its management team.  (Ex. D,

Randolph Decl. at 11-13.)  To the extent S2 has subcontracted aspects of the job at Fab 12,

Micron is entitled to documents to understand the relationship between S2 and S2 Israel.  Surely

S2 must have documents in its possession identifying some form of relationship with S2 Israel.

Micron requests that S2 produce all responsive documents and, further, explain the basis for its

position that no responsive documents exist.  Finally, given the statement that no documents

exist "at the present time," Micron requests that S2 identify the disposition of any responsive

documents that it once, but no longer, had in its possession, custody, and control.

> **Request for Production No. 31**:  Please produce all documents describing or
> identifying your relationship with Yosef Astanovsky.
>
> **RESPONSE**:  S2 does not currently have possession of any documents
> responsive to Request No. 31.

Once again, there is no basis for S2's position.  First, this Court has held that documents

are in a party's possession where it "has actual possession, custody, control, or the legal right to

obtain the documents on demand."  *Walker*, 2010 WL 4929069, *5.  Here, there can be no basis

for S2 to contend that no responsive documents exist where S2 holds Mr. Astanovsky out as a

member of its management team (*see*, http://www.s2automation.com/about-us/management-

team, accessed May 3, 2012).  (Ex. D, Randolph Decl. at 11-13.)  S2 has also stated in the

litigation that Mr. Astanovsky was its "team leader" at Fab 12 (Amended Complaint, ¶ 33) and,

in e-mails, S2 instructed that all dealings had to be with Mr. Astanovsky.[6]  There are certainly

then, documents explaining the nature of the relationship, Mr. Astanovsky's compensation,

---

[6] It is also notable that Mr. Astanovsky was formerly an employee of Numonyx Israel, and
resigned his position to take up an immediate job with S2.

duties, and related items.  For this reason, Micron requests that S2 produce all documents

describing or identifying its relationship with Mr. Astanovsky.

> **Request for Production No. 32**:  Please produce Yosef Astanovsky's personnel
> file, including date(s) of hire, compensation history, and any disciplinary history
> for Mr. Astanovsky.

**RESPONSE**:  None.

Once again, S2 has dodged its obligation to respond to discovery.  S2 was obligated to

gather documents in its possession, custody, and control, which included making request on S2

Israel, if appropriate, to gather the requested information.  Certainly, S2, or its affiliate S2 Israel,

maintain some types of file on Mr. Astanovsky that included dates of hire, compensation history,

any disciplinary history, etc.  Micron therefore requests that S2 provide the requested

information.

> **Request for Production No. 33**:  Please produce all documents reflecting
> payments by you to Yosef Astanovsky.

**RESPONSE**:  None currently in S2's possession.

The deficiency in S2's response is apparent.  First, S2 holds Mr. Astanovsky out as a

member of its management team.  Second, S2 alleges in the Amended Complaint that

Mr. Astanovsky was the "team leader for the subcontractor ("S2 Subcontractor") S2 had in place

to perform work at Fab 12."  (Amended Complaint, ¶ 33.)  It is disingenuous for S2 to state in

response to discovery that no responsive documents are "currently in S2's possession" when it is

obvious that responsive documents must exist given Mr. Astanovsky's role in the company and

on this project.  Micron therefore requests an order requiring full and complete responses.

Additionally, given the response that S2 has stated that documents are no longer <u>currently</u> in its

possession, Micron requests an order requiring S2 to identify the disposition of any such

documents that were formerly but are no longer in its possession.  As noted previously, to the

extent that S2 asserts that documents may be in the possession of its S2Automation Israel LTD

entity, certainly S2 has "control" of that entity for purposes of its discovery obligations under the

Rules.

> **Request for Production No. 37**:  Please produce all documents relating to any
> preventative maintenance activities performed by S2 on equipment located at
> Fab 12.
>
> **RESPONSE**:  Object as Request for Production No. 37 requests information that
> is in the possession of Micron and not in the possession of S2; therefore, is
> obtainable from some other source that is more convenient, less burdensome and
> less expensive.  Such information is located in service and repair databases (SAR
> database).  If S2 is provided access to the SAR data base, it can obtain the
> requested information.

This response is insufficient because Micron is entitled to determine what documents

exist in S2's possession, custody, or control relating to preventative maintenance activities

performed by S2 on equipment at Fab 12.  S2 has stated that the documents are not in the

possession of S2.  However, S2 certainly kept some records of activities performed, log books of

work, e-mails directing team members to perform preventative maintenance, schedules for

performing preventative maintenance, and similar documents.  It is inadequate and a violation of

discovery obligations for a party to object on the basis that the other party may (or may not) have

the information requested.  *Jackson*, 2011 WL 1831591 at *2 (rejecting similar objection).

Micron is entitled to know exactly what records, in total, S2 maintained regarding its

preventative maintenance activities (which are not the subject of S2's claims).  If S2 lacks any

documents, this is relevant to the breaches by S2 and Micron's justification for terminating the

contract.

**Request for Production No. 38**:  Please produce all documents relating to sustaining service activities performed by S2 on equipment located at Fab 12.

**RESPONSE**:  Object as Request for Production No. 38 requests information that is in the possession of Micron and not in the possession of S2; therefore, is obtainable from some other source that is more convenient, less burdensome and less expensive.  Such information is located in service and repair databases (SAR database).  If S2 is provided access to the SAR data base, it can obtain the requested information.

This response and objection is inadequate for the reasons identified immediately above.

Micron requests that S2 supplement its response to this request.

**Request for Production No. 39**:  Please produce all documents relating to warranty service activities performed by S2 on equipment located at Fab 12.

**RESPONSE**:  See bates stamped documents S2.0079-S2.0087, S2.0103-S2.0109, S2.2321-S2.2325.

While S2 has referenced documents it produced in response to this request, the

production referenced includes only a handful of e-mail messages containing complaints by S2

about being asked to perform out of service warranty activities.  (Randolph Decl. ¶ 11.)  For the

reasons discussed immediately above in relation to Request Nos. 38 and 39, to the extent S2

maintained any records regarding warranty service activities, then it should be ordered to

produce all of them in S2's possession, custody or control.

**Request for Production No. 40**:  Please produce all documents relating to any purchases you made for goods, parts, inventory, or other equipment for use on the Fab 12 equipment.

**RESPONSE**:  See Response to Request No. 20.

The response is deficient because, once again, it merely incorporates by reference S2's

answer to an entirely separate request.  Furthermore, S2's response to Request No. 20 states only

that it is unable to reconstruct what it paid for certain parts.  Finally, S2 has not objected to the

substance of the request or requested clarification on its scope.  S2 should be ordered to produce

documents in its possession, custody, or control that are responsive to this request.

> **Request for Production No. 41**:  Please produce all documents relating to your contention that you were performing all measurable performance requirements prior to termination of the contract.

> **RESPONSE**:  Object as Request for Production No. 41 requests information that is in the possession of Micron.  S2 has some but not all of the performance reports which are being produced.  The information is obtainable from Micron and obtaining the information from Micron would be more convenient, less burdensome and less expensive.  Such information is located in service and repair database (SAR database).  If S2 is provided access to the SAR data base, it can obtain the requested information.  Without waiving these objections see bates stamped documents S2.002-S2.0027 and S2.0057-S2.0078.

> S2 has objected, contending that the information may be available from Micron.

However, as Defendant, Micron is entitled to see all documents S2 has in its possession on this

crucial issue.  Furthermore, the documents referenced as produced are incomplete and do not

contain any internal reports, communications or assessments that S2 generated internally to

assess whether it was meeting all measurable performance requirements.  Micron requests that

S2 be ordered to provide all responsive documents in its possession, custody and control.

> **Request for Production No. 42**:  Please produce all documents relating to your contention that the termination of the Scope of Work agreement was in bad faith and represented a breach of the contract documents.

> **RESPONSE**:  See Response to Request for Production No. 41.  Also, without waiving these objections see S2. 1689-S2.1691 and the voice recording listed as bates stamped document S2.2538.

> S2's response to this request is inadequate.  First, the reference to reference to Request

No. 41 is inadequate, as discussed above.  Second, the voice recording referenced is inaudible

due to poor sound quality.  (Randolph Decl. ¶ 12.)  Micron has very recently requested that S2

supplement its response with a better copy of the recording but has not been successful so far.

(*Id*.)  Thus, Micron would request that S2 supplement its response to provide a better recording

(if available) and provide any additional documents to the extent that they exist.

> **Request for Production No. 44**:  Please produce all documents relating to your
> claim that Micron ordered twelve Aero Car part kits and ten batteries.
>
> **RESPONSE**:  See bates stamped documents S2.2277-S2.2278, S2.1689-S2.1691,
> S2.030 and response to Interrogatory No. 5.  S2 is continuing to investigate e-mail
> messages and communications and if additional documents are discovered, this
> response will be supplemented.

For the first time in its responses, S2 stated that it was still reviewing documents.  Micron

has requested that S2 clarify what additional documents still need to be reviewed and when that

will occur.  The parties have begun to schedule depositions, including the Rule 30(b)(6)

deposition of S2 on June 13, 2012.  (Randolph Decl. ¶ 13.)  Micron is entitled to know what

specific documents, if any, are still to be reviewed and produced.

> **Request for Production No. 45**:  Please produce all documents relating to your
> claim that Micron confiscated nine sets of your tools and has refused to return
> them.
>
> **RESPONSE**:  See bates stamped documents S2.2539-S2.2540, S2. 1689-S2.1691
> and response to interrogatory No. 5.  S2 is continuing to investigate e-mail
> messages and communications and if additional documents are discovered, this
> response will be supplemented.

This response is inadequate for the same reason.  If S2 has additional documents in its

possession, custody, or control, Micron is entitled to know when they will be produced and why

they were not included in the initial production.

> **Request for Production No. 47**:  Please produce all documents relating to the
> cannibalization of Fab 12 AMHS equipment by you or your representative.
>
> **RESPONSE**:  See response to Request for Production No. 23.

S2's incorporation of its response to Request No. 23 is improper because that speaks only

to alleged use of inventory <u>by Micron</u>.  This is unrelated to cannibalization of equipment by S2,

which is the topic covered by Request No. 47.  To the extent S2 has e-mails, records, or other

documents in its possession responsive to this request, Micron requests that the Court orders

them to produce the records without delay.

> **Request for Production No. 49**:  Please produce all documents relating to
> payment to you for any work, services performed, or parts installed by you at Fab
> 12.

> **RESPONSE**:  Object as Request for Production No. 49 is not reasonably
> calculated to lead to the discovery of admissible evidence, is not relevant to the
> subject matter involved in the pending action, is unduly burdensome, are
> obtainable from some other source that is more convenient, less burdensome and
> less expensive and is not limited by any time frame.  Micron has documents
> readily retrievable on its computer systems reflecting payment for work, services
> performed or parts installed at Fab 12.  If provided access to Micron's computer
> systems, S2 believes that it can retrieve the requested information.  Subject to the
> objections, see response to Request for Production No. 25.

There is no basis for this objection.  It is not proper for S2 to point to Micron as a

potential source of the documents, particularly where S2 knows that Micron is not the party that

owns or operates Fab 12, S2 has responsive information in its possession, and S2 has done

nothing more than interpose a blanket objection.  *See Jackson*, 2011 WL 1831591 at *2.

Additionally, Micron is entitled to evaluate what documents S2 retained and maintained

regarding its work at Fab 12.  Finally, the Quick Report produced in response to Request for

Production No. 25 is inadequate for many reasons, including the fact that it does not include the

former Numonyx entity and does not specifically provide the information requested.  (Randolph

Decl. ¶ 10.)

> **Request for Production No. 50**:  Please produce all correspondence (including
> electronically stored information) from Yosef Astanovsky to any S2
> representative relating to Fab 12 including (but not limited to) any
> correspondence while Mr. Astanovsky was employed by Numonyx.

**RESPONSE**:  Object as Request for Production No. 50 is not reasonably calculated to lead to the discovery of admissible evidence, is not relevant to the subject matter involved in the pending action, is unduly burdensome, are obtainable from some other source that is more convenient, less burdensome and less expensive and is not limited by any time frame.  Micron has such correspondence on its intra net server and can recover the information.  A number of e-mails involving Mr. Astanovsky as a sender, receiver or a party copied are being produced as S2.0001-1691.  S2 does not interpret the Request to seek information and communications between S2 and counsel for S2 as such communications are deemed attorney client and work product information.

This response raises a number of issues.  First, as plaintiff, S2 was obligated to search and provide all responsive information.  When Mr. Astanovsky began communicating with S2 and the substance of those communications is relevant to Micron's defense as well as Micron Israel's proposed counterclaims.  Secondly, the request is limited to communications to S2 while Mr. Astanovsky was employed by Numonyx Israel.  Given that limitation, there is no basis for S2 to have interposed an attorney-client privilege objection.  Third, S2 has not produced a privilege log, which is required to assess the validity of the claimed privilege.  Finally, if Mr. Astanovsky was communicating with S2 from another address (*e.g.*, S2 e-mail account, private (Yahoo) account, or other source), then the documents would not be on Micron Israel's servers.  Even if they potentially had been sent on the Micron Israel or Numonyx servers, there is no basis for S2 to avoid its obligation to respond to discovery based on the assertion that the documents could be recovered.  *See Jackson*, 2011 WL 183 1591 at *2.

**Request for Production No. 51**:  Please produce all documents (including electronically stored information) relating to the termination of the Scope of Work agreement between you and Numonyx Semiconductor, Israel, Ltd.

**RESPONSE**:  S2.0100 is the termination notice.  See also Interrogatory No. 5. S2 is continuing to search for additional information and this response will be supplemented if additional documents are located.

This response is improper.  First, S2 has failed to provide any internal communications or discussions regarding the termination of the Scope of Work agreement.  It has also failed to provide any electronically stored information regarding the subject of termination.  Unless privileged, these documents would clearly be discoverable.  If privileged, the documents should have been listed on a privilege log.  Second, S2 has stated that it is continuing to search for additional information and will supplement its response.  Given that S2's Rule 30(b)(6) deposition has been noticed for June 13 and other depositions are being scheduled for late June and early July, Micron is entitled to have all responsive documents on this subject.

> **Request for Production No. 54**:  Please produce all documents relating to negotiation of the contracts governing work performed by you at Fab 12.
>
> **RESPONSE**:  Object as Request for Production No. 54 requests information that is not relevant to the subject matter involved in the pending action and the information sought does not appear to be reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the documents relating to negotiation of the contracts merged into the relevant contracts.

S2 has no basis to withhold documents in response to this request.  Documents relating to the negotiation of contracts governing work performed is plainly relevant and discoverable.  Whether or not the documents are admissible is separate from the threshold question of discoverability.  The lawsuit is entirely centered on work performed (or not performed) by S2 at Fab 12.  Thus, it is baseless for S2 to state that the request is not relevant to the pending action.  Micron requests that the Court order S2 to provide a full and complete response to this request.

E.    **MICRON SEEKS AN AWARD OF FEES AND COSTS INCURRED IN CONNECTION WITH THIS MOTION.**

Pursuant to Federal Rule of Civil Procedure 37(a)(5), "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion,

the party or attorney advising that conduct, or both to pay the movant's reasonable expenses in

making the motion, including attorneys fees."  Here, Micron attempted to meet and confer with

S2 in good faith regarding its deficient discovery responses but was unsuccessful.  S2 has taken

positions in discovery that are unsupported by the law and have caused Micron to incur

expenses, including attorneys' fees and costs, that could have been avoided had S2 simply

complied with its discovery obligations.  Finally, S2's conduct in refusing to provide

discoverable information will likely jeopardize the upcoming Rule 30(b)(6) deposition of S2.

### V.    CONCLUSION

S2 has failed to comply with its obligations to properly respond to discovery in this

matter.  For this reason, Micron requests an order compelling S2 to further respond to discovery,

as detailed above.  Micron also requests an award of its attorneys' fees and costs incurred in

bringing this motion and any other relief that the Court determines is appropriate.

DATED:  May 3, 2012.

HOLLAND & HART LLP

By: /s/  Scott E. Randolph
    Erik F. Stidham (admitted *Pro Hac Vice*)
    Scott E. Randolph (admitted *Pro Hac Vice*)
    HOLLAND & HART LLP
    P.O. Box 2527
    Boise, ID  83701-2527
    Telephone:  (208) 342-5000/
    Facsimile:   (208) 343-8869
    efstidham@hollandhart.com
    serandolph@hollandhart.com

Bradford C. Berge
HOLLAND & HART LLP
Jefferson Place
110 North Guadalupe, Suite 1
Santa Fe, NM  87501
Telephone:  (505) 988-4421
Facsimile:   (505) 983-6043
bberge@hollandhart.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of May, 2012, I filed the foregoing

electronically through the CM/ECF system, which caused the following parties or counsel to be

served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Martin K. Holland
Holland Law, P.C.
P.O. Box 90446
Albuquerque, NM  87199
(505) 857-0954
(505) 797-1663-Fax
martin.hollandlaw@comcast.net

Alicia L. Gutierrez
Moses, Dunn, Farmer & Tuthill, P.C.
P.O. Box 27047
Albuquerque, NM  87125-7047
(505) 843-9440
(505) 247-3213-Fax
Alicia@moseslaw.com

/s/ Scott E. Randolph

5575032_1.DOCX