

**Scott E. Randolph**
Phone 208-342-5000
Fax 208-343-8869
SERandolph@hollandhart.com

April 24, 2012

**VIA EMAIL AND FACSIMILE**

Martin K. Holland, Esq.
Holland Law, P.C.
P.O. Box 90446
Albuquerque, New Mexico 87199

Re: **S2 Automation LLC v. Micron Technology, Inc.**
USDC-Dist. of New Mexico, Case No. 1:11-CV-00884-JB-WDS

Dear Mr. Holland:

We are writing to meet and confer regarding the responses and objections by S2 Automation LLC ("S2") to the first set of discovery requests by Micron Technology, Inc. ("Micron"). S2 has failed to satisfy its obligations to properly respond to discovery. In many instances, S2 has altogether ignored the instructions by Micron or has simply refused to provide Micron with discoverable information. **Given the timelines imposed by District of New Mexico Local Rules 26.6 and 37.1, we ask that you respond no later than close of business on Monday, April 30, 2012 with S2's position on these issues.** If we do not receive S2's commitment to resolve these issues by that date, we will have no choice but to proceed with preparing a motion to compel.

If you have any questions or would like to discuss these issues, please let us know. We would gladly schedule a telephone conference if you believe it would be helpful.

**S2's Failure to Provide a Privilege Log**

S2 has objected to interrogatories and has withheld documents based on privilege and the work product doctrine. Yet S2 has failed to provide a privilege log as required by the Federal Rules of Civil Procedure and requested in Micron's first set of discovery. Please provide a privilege log in the format specified in Micron's first set of discovery.

**S2's Format of Production**

S2 has ignored Micron's requested format for production of electronically stored information ("ESI"). This is improper under Federal Rule of Civil Procedure 34. S2 has separated e-mail messages from attachments, which makes it impossible to tell which attachments relate to particular e-mails. In addition, the documents were grouped in batches and not by document. Instead, multiple documents were saved together as a single .pdf. Many

Holland & Hart LLP
Phone [208] 342-5000   Fax [208] 343-8869   www.hollandhart.com
101 South Capitol Boulevard   Suite 1400   Boise, ID 83702   Mailing Address   P.O. Box 2527   Boise, ID 83701-2527
Aspen   Boulder   Carson City   Colorado Springs   Denver   Denver Tech Center   Billings   Boise   Cheyenne   Jackson Hole   Las Vegas   Reno   Salt Lake City   Santa Fe   Washington, D.C.



Martin K. Holland, Esq.
April 24, 2012
Page 2

documents, such as invoices, were not produced in date order and were produced in what appears to be a random order. Finally, the documents were not produced in a term searchable format.

These deficiencies have made it extremely difficult for Micron to review the documents. Furthermore, since attachments have been separated from source e-mails, it is impossible to know what attachments relate to the particular documents. We therefore request that S2 revisit its entire production, and produce the documents in the format requested. As you are aware, I have personally raised this issue several times and have never received any objection or request for clarification regarding the requested format for production.

### S2's Responses and Objections to Requests for Production of Documents

In addition, S2's discovery responses are deficient, as outlined below. For your convenience, we have included a quotation of the discovery requests followed by a short narrative of the deficiency. If you have any questions or need any information, please do not hesitate to call one of us.

> **Request for Production No. 1:** Please produce all correspondence to or from you with any party, individual, or business entity which pertains or which you contend pertains to any issues of liability, damages, or other matters raised in this litigation.

S2 failed to produce internal communications and correspondence relating to this matter. S2 has also failed to provide any correspondence with S2 Israel, which it has now identified as a subcontractor for work at Fab 12. Such documents are within the scope of the request and there is no legitimate basis to withhold them. If you are aware of a legal basis to withhold the communications, please provide that authority. If not, please provide the documents.

> **Request for Production No. 2:** Please produce any contracts or agreements entered into between you and Numonyx Israel, including all drafts or revisions of such contracts or agreements.

S2 has incorporated by reference its objection to Request for Production No. 9. The incorporation by reference to prior responses is meritless. To the extent that S2 has copies of contracts executed with Numonyx Israel, then it is obligated to produce them. This includes drafts or revisions of the contracts.

> **Request for Production No. 3:** Please produce all documents, including but not limited to all correspondence, memoranda, and ESI, relating to any contracts entered into between you and Numonyx Israel.



Martin K. Holland, Esq.
April 24, 2012
Page 3

     Once again, S2 incorporated by reference its objection to Request for Production No. 9. The incorporation by reference to S2's response to Request for Production No. 9 is meritless. S2 has failed to provide copies of all contracts that it executed with Numonyx Israel and is obligated to do so. Furthermore, this request requires S2 to produce "correspondence, memoranda, and ESI" relating to the contracts with Numonyx Israel. Even if S2's incorporation by reference were proper, S2 has merely referenced the SOW, TSM and "General Contract." S2 has not provided any correspondence, memoranda, or ESI regarding the contracts. S2 certainly communicated internally regarding the negotiation of these contracts which is discoverable. If you are aware of a legal basis to withhold the communications, please provide that authority. If not, please provide the documents.

> **Request for Production No. 4:** Please produce all documents including, but not limited to all invoices, log books, purchase orders, or other statements of account, reflecting or documenting services performed by you at Fab 12.

     S2 has objected to this request as beyond the scope of discovery. Such objection is spurious as the services that S2 performed (or failed to perform) are of central importance to the litigation and surely fall within the broad scope of discovery permitted by Rule 26. In addition, it is not sufficient to state that information may be available "from some other source" without a factual basis and without obtaining a protective order under Rule 26(c). As the plaintiff, S2 is obligated to provide discoverable information in its possession, custody, and control. Finally, with respect to the time frame objection, S2's performance history at the Fab is relevant, and I'm not aware of anything that would make producing the requested information unduly burdensome. Please reevaluate the objections to this request and produce the requested information.

> **Request for Production No. 5:** Please produce all documents including, but not limited to all invoices, purchase orders, or other statements of account, reflecting or documenting any parts or equipment installed by you at Fab 12.

     S2 has incorporated its response to Request No. 15 into Request No. 14. This is improper for the reasons stated above. Micron is entitled to all documents in S2's possession, custody, and control relating to parts or equipment installed by S2 at Fab 12. Please reevaluate the objection and provide the requested documents.

> **Request for Production No. 6:** Please produce all documents that identify the inventory referenced in the Complaint.



Martin K. Holland, Esq.
April 24, 2012
Page 4

     S2 has provided some documents relating to the inventory, but has not provided complete information, such as parts lists showing the items from its inventory. Please produce all documents identifying the inventory, as requested.

> **Request for Production No. 7:** Please produce all documents that identify prices (*e.g.*, wholesale or retail) of the inventory referenced in the Complaint.

     S2 has provided some documents listing a price for some of the inventory referenced in the Complaint, but has failed to provide its own documents reflecting pricing information (wholesale and retail) for that inventory. It surely has pricing information, lists, catalogs, and reports for the inventory. Please produce all documents reflecting pricing for the inventory, as requested.

> **Request for Production No. 8:** Please produce all documents that identify what you paid for the inventory referenced in the Complaint.

     S2 has objected to this request on the basis that it seeks information outside the scope of discovery. This is baseless. For starters, S2 seeks imposition of a constructive trust based on its contention that Micron has improperly withheld inventory and tools. What S2 paid for the inventory has some relevance to the question of value of the items that are alleged to have been wrongfully retained. There is no basis to object, simply based on S2's assertion that it obtained the inventory from multiple locations. Surely S2 maintains purchasing records for inventory purchased by the company and used for projects. Please produce the requested documentation.

> **Request for Production No. 9:** Please produce all documents that identify any parts or inventory that you caused to be delivered to Fab 12 and identify the price of those parts or inventory.

     S2 has objected to this interrogatory as requesting information that is beyond the scope of discovery. S2 has also produced some invoices which it has categorized as inventory shipping documents. Has S2 withheld any documents that are responsive to this request? If so, please produce them as they are relevant to the issue of the inventory claims.

> **Request for Production No. 10:** Please produce all documents depicting any payment(s) you received for the parts or inventory referenced in the preceding request.

     S2 objected to this request as being beyond the scope of discovery. This is baseless; payments received for the inventory would obviously impact whether S2 is entitled to additional monies or recovery related to the inventory, provided S2 could establish that it owned the items



Martin K. Holland, Esq.
April 24, 2012
Page 5

in question and was not otherwise compensated. After objecting to the scope of the request, S2 produced a report purporting to show some payments that it has received. The QuickReport produced in response to this request is not sufficient. First, it appears to be incomplete, does not include Numonyx Israel, and does not identify any payments received for parts. Please produce all responsive documents in S2's possession, custody, or control that are responsive to this request.

> **Request for Production No. 11:** Please produce payroll records for any person who you employed or caused to work at Fab 12 from January 1, 2008 to the present.

S2 objected to this request as beyond the scope of discovery. There is no basis for such an objection, because whether S2 performed its obligations under the contracts and whether it provided the requisite level of staffing throughout the term of the contract is squarely at issue. S2 has alleged that the SOW was improperly terminated. It is certainly relevant to know what staffing levels S2 maintained throughout the contract. For this reason, Micron is entitled to discover payroll records for persons deployed at its facility pursuant to the contract. Of course, appropriate redactions can be made for sensitive information such as dates of birth, etc.

> **Request for Production No. 12:** Please produce time sheets for any person who you employed or caused to work at Fab 12 from January 1, 2008 to the present.

S2 similarly objected to this request as beyond the scope of discovery and that Micron could obtain the information elsewhere. S2 then states that it does not have responsive information. Is S2 contending that it did not maintain any time records for the personnel deployed at Fab 12? Surely S2 or its agents were required to maintain records for purposes of payroll and other reasons. It is not a basis to object simply because Micron may look elsewhere for the information. The request seeks records for persons employed by S2 or caused to work at S2's behalf. There is no basis to assert that Micron should be forced to look elsewhere for the information when the information is in S2's possession, custody, and control. Please produce the requested documentation.

> **Request for Production No. 13:** Please produce all shipping records, manifests, bills of lading, or other documents that identify any parts, equipment, tools, or other moveable object that you caused to be transported to Fab 12.

S2 has identified only invoices in response to this request. Please produce all of the information requested, including shipping records, manifests, bills of lading, etc. There is no basis to withhold this information. Please let me know if you have any authority to the contrary.



Martin K. Holland, Esq.
April 24, 2012
Page 6

**Request for Production No. 14:** Please produce all documents describing or identifying your relationship with S2 Automation Israel, Ltd.

S2 responded that it does not have any documents in its possession, responsive to this request. This position is unsupportable given that S2 states on its website that "S2 Automation is headquartered in Rio Rancho, NM USA. Also has a manufacturing supporting office in, Israel, Taiwan and France." S2 states that it has offices in Israel and identifies Yosef Astanovsky as part of its management team. S2 identifies him as the CEO of S2 Automation Israel LTD. Copies of the relevant web pages are attached. Furthermore, S2 has now taken the position that S2 Automation Israel LTD was a subcontractor for work at Fab 12. Given all this background, we find it incredible that S2 would take the position that it has no documents identifying or describing the relationship with S2 Automation Israel, Ltd. Please produce the requested documentation.

**Request for Production No. 15:** Please produce all documents describing or identifying your relationship with Yosef Astanovsky.

S2 stated that it does not have any documents responsive to this request. Once again, this position is unsupportable given that S2 publicly identifies Mr. Astanovsky as a member of its management team. Please produce the requested documentation.

**Request for Production No. 16:** Please produce Yosef Astanovsky's personnel file, including date(s) of hire, compensation history, and any disciplinary history for Mr. Astanovsky.

S2 has stated that it does not have a personnel file for Mr. Astanovsky and refused to produce documents responsive to this request. Once again, there is no basis for this position given that S2 holds Mr. Astanovsky out as a member of its management team. Please produce the requested documents.

**Request for Production No. 17:** Please produce all documents reflecting payments by you to Yosef Astanovsky.

S2 stated that it has no documents in response to this request, yet it holds Mr. Astanovsky out as a member of its financial team. There is no basis to contend that no documents exist, where Mr. Astanovsky has performed services on behalf of S2 and S2 holds Mr. Astanovsky out as a member of its management team. Please produce the requested documentation.



Martin K. Holland, Esq.
April 24, 2012
Page 7

**Request for Production No. 18:** Please produce all documents relating to any preventative maintenance activities performed by S2 on equipment located at Fab 12.

S2 has objected, contending that the information is available in a less burdensome location. It is no basis for objection simply because S2 believes that Micron may have possession of certain documents. Micron is entitled to discover what records S2 has of performing preventative maintenance. If no records exist, then Micron is entitled to know that information too. Please produce the requested documentation.

**Request for Production No. 19:** Please produce all documents relating to sustaining service activities performed by S2 on equipment located at Fab 12.

S2 has objected, contending that the information is available in a less burdensome location. It is no basis for objection simply because S2 believes that Micron may have possession of certain documents. Micron is entitled to discover what records S2 has of performing sustaining maintenance. If no records exist, then Micron is entitled to know that information too. Please produce the requested documentation.

**Request for Production No. 20:** Please produce all documents relating to warranty service activities performed by S2 on equipment located at Fab 12.

S2's response to this request is incomplete. It has produced some limited correspondence, a certificate of recognition to Mr. Astanovsky, and a PowerPoint presentation proposal. It has not, however, provided any S2 records documenting the warranty service work that it provided during the contracts. Please produce the requested documentation.

**Request for Production No. 21:** Please produce all documents relating to any purchases you made for goods, parts, inventory, or other equipment for use on the Fab 12 equipment.

S2's response to this request is improper. It simply incorporates by reference the response to Request No. 20, which reflects an objection that the requested information is outside the scope of discovery and that S2 cannot reconstruct this information. This is improper. S2 must produce all documents in its possession, custody, and control as framed by the request. S2 has alleged that Micron has improperly exercised possession of inventory and tool kits. To date, S2 has not produced documentation to show that it purchased the inventory and tool kits in question. Please produce the requested documentation.



Martin K. Holland, Esq.
April 24, 2012
Page 8

**Request for Production No. 22:** Please produce all documents relating to your contention that you were performing all measurable performance requirements prior to termination of the contract.

S2 has objected stating that the information is obtainable from Micron. This is not a valid basis for objection, as Micron is entitled to all information in S2's possession, custody, and control relating to the allegation in the Amended Complaint that S2 was meeting measurable performance measures. The approximately 40 pages of documents produced surely cannot be the universe of records maintained by S2 on this critical issue. Please produce the requested documentation.

**Request for Production No. 23:** Please produce all documents relating to your contention that the termination of the Scope of Work agreement was in bad faith and represented a breach of the contract documents.

S2 incorporates its response to Request No. 40. It is unclear what exactly is intended by this reference. It certainly does not satisfy S2's obligation to provide all responsive information to the request. Last, it is not a valid basis for objection to contend that Micron may have responsive documents. Micron is entitled to know all information which S2 bases its allegation that the contract termination was in bad faith. Please produce the requested documentation.

**Request for Production No. 24:** Please produce all documents relating to your claim that Micron ordered twelve Aero Car part kits and ten batteries.

S2 has stated that it is continuing to investigate e-mail messages and may supplement its response. Please identify what e-mail messages have been reviewed to date and what remains to be done. Micron is entitled to have the complete universe of documents well in advance of the Rule 30(b)(6) deposition of S2.

**Request for Production No. 25:** Please produce all documents relating to your claim that Micron confiscated nine sets of your tools and has refused to return them.

S2 has stated that it is continuing to investigate e-mail messages and may supplement its response. Please identify what e-mail messages have been reviewed to date and what remains to be done. Micron is entitled to have the complete universe of documents well in advance of the Rule 30(b)(6) deposition of S2.



Martin K. Holland, Esq.
April 24, 2012
Page 9

>**Request for Production No. 26:** Please produce all documents relating to the cannibalization of Fab 12 AMHS equipment by you or your representative.

S2 incorporates by reference its response to Request to 23, which speaks to alleged use of inventory by Micron. This reference has nothing whatsoever to do with the request, which requests all documents relating to cannibalization of Fab 12 AMHS equipment by S2 or its representatives. To the extent that S2 has e-mail or other documents reflecting the disposition of the parts and inventory that it cannibalized from Fab 12, then it needs to produce that documentation.

>**Request for Production No. 27:** Please produce all documents relating to payment to you for any work, services performed, or parts installed by you at Fab 12.

S2 has objected to this request contending that it seeks information that is beyond the scope of discovery. This is improper. Micron is entitled to all records reflecting payments made to S2 for work, services performed, or parts installed, in order to properly defend the claim that Micron owes S2 for the parts, inventory, and tools referenced in the complaint.

>**Request for Production No. 28:** Please produce all correspondence (including electronically stored information) from Yosef Astanovsky to any S2 representative relating to Fab 12 including (but not limited to) any correspondence while Mr. Astanovsky was employed by Numonyx.

S2 has not properly responded to this request. First, Micron is entitled to whatever documents S2 may have in its possession, custody, or control. If Mr. Astanovsky communicated with S2 or its representatives during this period, then Micron is entitled to this information. Second, S2 has not properly identified the documents that are responsive and has identified a range of approximately 1,600 pages. Finally, S2 has objected on the basis of privilege but has not produced a privilege log. We need the log to evaluate the claim of privilege.

>**Request for Production No. 29:** Please produce all documents (including electronically stored information) relating to the termination of the Scope of Work agreement between you and Numonyx Semiconductor, Israel, Ltd.

S2 has produced only the termination notice and states that it is continuing to search for additional information. What review has been completed to date and what review remains to be completed? Separately, S2 has produced no documents internal to S2 regarding the termination.



Martin K. Holland, Esq.
April 24, 2012
Page 10

One would expect that such communications exist, for example between Mr. Astanovsky and Mr. Burgess and/or other representatives of S2. Please produce the requested information.

> **Request for Production No. 30:** Please produce all documents relating to negotiation of the contracts governing work performed by you at Fab 12.

S2 has objected to this request and refused to produce any documents contending that the information requested is not relevant and the "documents relating to the negotiation of the contracts merged into the relevant contracts." There is no legal basis for such a position. Micron is entitled to all documents in S2's possession (including internal S2 documents) relating to the negotiation of the various contracts regarding work performed at Fab 12. Please produce the requested documentation.

Sincerely,

Scott E. Randolph
for Holland & Hart LLP

SER:st
Attachments

5456548_1.DOCX

cc:     Alicia L. Gutierrez



Contact Us   Events & Updates   Site Map   Login

Search...   

HOME   ABOUT US   PRODUCTS   SERVICES   CAREERS   CUSTOMERS   PARTNERS



**ABOUT US**

About S2 Automation
Business Philosophy
Global Offices
Management Team

## Management Team

Home › About Us › Management Team

### Ken Burgess - Chief Executive Officer
### S2 Automation LLC

Founded S2 Automation in 2000
12 years Clean room Automation

- Systems Integration Engineer
- New Equipment Design
- Project Management

3 years Defense Industry – Avionics/Aerospace
BSEE, AS Instrumentation & Control

### Yosi Astanovsky - Chief Executive Officer
### S2 Automation Israel LTD

13 years Intel experience
Clean room expert: design, operation and optimization ( Micro contamination Eng)
AMHS PRI Equipment Engineering, sustain & optimization
Project management /integration manager
BSc in Mechanical Eng ; MBA

### David Dabau - Chief Operations Officer

12 years Clean room Automation (Domestic / International)

- Project Manager US, Asia, Europe
- 200mm and 300mm experience

Experience Nuclear Medicine PET/CRT Install and Implementation

- SR Project Manager for Central / West Coast Regions including Korea and Mexico

Defense Industry experience – QA/QC Avionics/Aerospace
BSBM, AS Electronics & Computer Engineering, PMI® Certification PMP®

### Tom Beck - Director of R&D

AMHS installation
AMHS equipment manufacturing in an R&D environment
Commissioning equipment in the Nuclear Power industry
BSWT (Metallurgy Engineer)

### Richard Barnes - Director of Special Projects

10 years Clean room Automation Implementation Manager US, Asia, Europe, 200mm and 300mm Experience.
Including Special Projects developing Installation tools and procedures for OHV 300mm intra-bay systems
5 years Specialty Clean room Equipment Design and Manufacturing
15 years Specialty Prototype machine work for Sandia and Los Alamos National Labs

Copyright © 2000-2010 S2 Automation Inc. All Rights Reserved.          Web Building & Design by melmec™



Contact Us   Events & Updates   Site Map   Login

Search...   

HOME   ABOUT US   PRODUCTS   SERVICES   CAREERS   CUSTOMERS   PARTNERS



**ABOUT US**

About S2 Automation
Business Philosophy
Global Offices
Management Team

## About S2 Automation

Home › About Us

S2 Automation US was founded in 2000 with its core business to provide complete support for 200mm AMHS systems.

We are flexible growing engineering company, with substantial engineering resources, poses wide net working and experience at semiconductors industry, pharmaceutical, solar and agricultural automation world.

==S2 Automation is headquartered in Rio Rancho, NM USA. Also has a manufacturing supporting office in, Israel, Taiwan and France.==

S2 Automation continues to develop its innovative technology, solutions and parts for our worldwide customers.

S2 Automation in process for ISO 9001 certification

S2 automation supports worldwide industry leaders such as:
Intel; Numonyx;  Freescale Semiconductor ; Altis ; Atmel ;On-Semiconductor Ltd. Tower Semiconductor ; Integrated  Devices; Spansion ; AMD; Siltronic; Micron; Daifuku, and more.







Copyright © 2000-2010 S2 Automation Inc. All Rights Reserved.

Web Building & Design by melmec™



Contact Us    Events & Updates    Site Map    Login

Search...    



**ABOUT US**

About S2 Automation

Business Philosophy

Global Offices

Management Team

## Global Offices

Home › About Us › Global Offices

==Headquartered in North America and with global offices in New Mexico, Israel and Taiwan, S2 Automation has built an international support network ready to respond to your equipment management needs just about anywhere in the world.== And thanks to a growing number of strategic partnerships with key regional support companies, S2 Automation is always prepared to scale to the size and depth required to build your ideal support program.



S2 Automation Global Locations

| CORPORATE HEADQUARTERS (US Offices) | ==Israel== | Europe |
|---|---|---|
| **New Mexico, USA** | **Rehovot** | **Paris** |
| 4140 Jackie Rd., ZC 87124 | Zvi Sohobolsky 33, ZC 76656 | 12 Villa Croix Nivert, ZC 75015 |
| Toll Free: +1-866-588-2732 | Phone: +972-(0)52-72447430 | Phone: +33-(0)6-2213-0559 |
| Phone: +1-505-994-1667 | Fax: +972-(0)8-9414467 | Fax: +33-(0)9-5871-5544 |
| Fax: +1-505-892-8463 | | |

Copyright © 2000-2010 S2 Automation Inc. All Rights Reserved.　　　　　　Web Building & Design by melmec

http://www.s2automation.com/about-us/global-offices　　　　　　　　　　　　　　　　　　　　　　　4/25/2012