IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

S2 AUTOMATION LLC,

        Plaintiff,

v.                                                                               No.  CV 11-884 JB/WDS

MICRON TECHNOLOGY, INC.,

        Defendant.

---

**MICRON TECHNOLOGY, INC.'S MOTION FOR ENTRY
OF A NON-WAIVER AND CLAW-BACK ORDER**

---

Micron Technology, Inc. ("Micron"), by and through its attorneys, Holland & Hart LLP, submits this Motion for Entry of a Non-Waiver and Claw-Back Order pursuant to Federal Rule of Civil Procedure 26, Federal Rule of Evidence 502, and District of New Mexico Local Rule 7.1.[1]

## I. INTRODUCTION

Without any sound explanation, S2 Automation LLC ("S2") has resisted Micron's request that the parties stipulate to entry of a "non-waiver and claw-back order" under Federal Rule of Evidence 502(e).  Micron has expended significant time and money attempting to meet

---

[1] Pursuant to District of New Mexico Local Rule 7.1(a), Micron certifies that this motion is opposed.  Micron further certifies that it has made a good faith request for concurrence by S2 which was rejected.

and confer with S2 over this issue to no avail. Because Micron believes that entry of a non-waiver and claw-back order would be appropriate in this case, Micron respectfully requests that the Court enter an order, in the form attached hereto as Exhibit "A," to protect the parties against the risk of an inadvertent disclosure.

## II.  BACKGROUND

On March 15, 2012, Micron provided S2 with a proposed protective order and a proposed non-waiver and claw-back order to facilitate the efficient exchange of discovery materials. (Exs. A and F to Declaration of Scott E. Randolph dated May 9, 2012 ("Randolph Decl.").) On April 4, S2 rejected the proposed claw-back order.[2] (Randolph Decl. ¶ 3.) On April 5, Micron requested that S2 reconsider its position on the non-waiver and claw-back order and explained that having such an agreement in place was good practice, particularly in a complex commercial case such as this. (Ex. G, Randolph Decl.) Because S2 had taken the position that it would be preferable to rely on the applicable rules of ethics regarding inadvertent disclosure, Micron asked S2 to clarify its position on what those rules require a party receiving inadvertently disclosed information to do in response to a request for its return. (*Id.*)

On April 11, after having heard nothing in response to the request for S2's position, Micron wrote to S2 to reiterate the need to get a Rule 502 agreement in place, and requested a substantive response to the non-waiver and claw-back order proposed by Micron. (Ex. C, Randolph Decl.) On April 16, S2 rejected the form order proposed by Micron, contending that it would be improper to demand immediate return of privileged documents that had been

---

[2] S2 also rejected the proposed protective order. Micron has raised the need for an appropriate protective order by separate motion.

inadvertently produced. (Ex. H, Randolph Decl. at 2) ("It is difficult to understand how the claim could even be evaluated if the document could not even be examined.").

Since that time, Micron has continued to request that S2 reevaluate its position on the proposed claw-back agreement, which efforts have all been unsuccessful. During a meet and confer telephone conference on April 27, counsel for S2 represented that they could not agree to a non-waiver agreement and claw-back order requiring the receiving party to honor an immediate demand for return of inadvertently produced privileged documents because S2's counsel would need to read and retain the documents in order to contest the applicability of the claimed privilege. (Randolph Decl. ¶ 13.)

As late as April 30, S2 indicated that it would review the claw-back agreement to determine whether an agreement could be reached, but since that time it has not responded or clarified its position on the version proposed by Micron. (Randolph Decl. ¶ 14.) And, while S2 has provided some redlined comments regarding the return of documents in the protective order, Ex. E, Randolph Decl. ¶¶ 12-13, the proposed language does not specifically address non-waiver in federal and state cases and does not clarify that parties are obligated to return inadvertently produced documents immediately. (*Id.*) In fact, S2 specifically eliminated that language in its draft. (*Id.* ¶ 13.) Furthermore, S2 has insisted that the parties' obligation to return inadvertently produced documents be governed by "case law and the rules of professional conduct regarding such disclosures[,]" but has refused to clarify its position on the cases or rules. (*Id.* ¶ 12.)

### III.   ARGUMENT

The Court has recognized the significance of non-waiver and claw-back orders in prior cases. *See, e.g., Radian Asset Assur., Inc. v. College of the Christian Bros. of New Mexico*, No.

CIV 09-0885 JB/DJS, 2010 WL 4928866, *8-9 (D. N.M. Oct. 22, 2010) ("Confidentiality orders are becoming increasingly important in limiting the costs of privilege review and retention, especially in cases involving electronic discovery.  But the utility of a confidentiality order in reducing discovery costs is substantially diminished if it provides no protection outside the particular litigation in which the order is entered.").  Agreement or orders of this type are considered to be good practice, and district courts in other jurisdictions have recognized their usefulness.  *See, e.g., Doe v. Nebraska*, 788 F.Supp.2d 975, 986 (D. Neb. April 19, 2011) ("The parties are encouraged to consider using protective orders, or "claw-back" agreements such as those contemplated under Rule 502(d) and (e).").

Here, the parties disagree on whether a Rule 502 agreement should be entered.  However, the lack of agreement is not dispositive, because "[a] 'confidentiality order is enforceable whether or not it memorializes an agreement among the parties to the litigation,' because '[p]arty agreement should not be a condition of enforceability of a federal court's order.'"  *Barnhill v. Boilermakers Nat. Health and Welfare Fund*, No. 10-2619-CM-GLR, 2011 WL 5396064, *4 (D. Kan. Nov. 8, 2011); *Sajala v. McGuire Woods, LLP*, 2010 WL 2949582, *4-5 (D. Kan. July 22, 2010) (recognizing that the court has authority to fashion claw-back order, even where parties do not agree).

The non-waiver and claw-back order proposed by Micron is reasonable in that it expressly states that "[t]he inadvertent production of privileged or protected material during the course of discovery shall not be deemed a waiver or an impairment of any claim or privilege or protection, including the attorney-client privilege and the work-product doctrine, in this or any other state or federal proceeding, as to the material inadvertently produced or as to the subject

matter thereof." (Ex. A at ¶ 1.) This is consistent with the provisions of Federal Rule of Evidence 502(e), which allows for the court to enter such an order. The proposed claw-back order also provides a protocol for the parties to follow in the event of an inadvertent disclosure of privileged material. Having such an agreement in place will protect the parties, facilitate discovery, and promote judicial economy as the parties will be able to proceed with discovery without the risk that an inadvertent production may result in a waiver of the privilege in this forum or elsewhere.

S2 has not presented any reasonable basis to object to the proposed order. It has thus far refused to identify specific changes to the form proposed by Micron and has not articulated its position with respect to inadvertent production, except to state that it believes counsel should be allowed to retain documents that were inadvertently produced to allow counsel to litigate the applicability of the privilege. (Randolph Decl. ¶ 13.) Such a position is inconsistent with the cooperative spirit intended by Rule 26, current guidance under the ethical rules, and Micron's interest in maintaining the attorney-client privilege or work product doctrine protection for information that may be inadvertently produced by one of the parties to the litigation.

## IV.   CONCLUSION

Entry of a non-waiver and claw-back order in the form proposed by Micron would facilitate discovery and further judicial economy. For these reasons, Micron requests that the Court enter a non-waiver and claw-back order in the form attached hereto as Exhibit "A."

/ / /

/ / /

/ / /

DATED:  May 10, 2012.

*Respectfully submitted,*

HOLLAND & HART LLP


By  /s/  Scott E. Randolph
    Erik F. Stidham (admitted *Pro Hac Vice*)
    Scott E. Randolph (admitted *Pro Hac Vice*)
    HOLLAND & HART LLP
    P.O. Box 2527
    Boise, ID  83701-2527
    Telephone:  (208) 342-5000
    Facsimile:   (208) 343-8869
    efstidham@hollandhart.com
    serandolph@hollandhart.com

    Bradford C. Berge
    HOLLAND & HART LLP
    Jefferson Place
    110 North Guadalupe, Suite 1
    Santa Fe, NM  87501
    Telephone:  (505) 988-4421
    Facsimile:   (505) 983-6043
    bberge@hollandhart.com

    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 10th day of May, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

  Martin K. Holland
  Holland Law, P.C.
  P.O. Box 90446
  Albuquerque, NM  87199
  (505) 857-0954
  (505) 797-1663-Fax
  martin.hollandlaw@comcast.net

  Alicia L. Gutierrez
  Moses, Dunn, Farmer & Tuthill, P.C.
  P.O. Box 27047
  Albuquerque, NM  87125-7047
  (505) 843-9440
  (505) 247-3213-Fax
  Alicia@moseslaw.com

            /s/ Scott E. Randolph
             Scott E. Randolph

5579965_1.DOCX