# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**S2 AUTOMATION LLC,**

        Plaintiff,

**v.**                                          **No.  CV 11-884 JB/WDS**

**MICRON TECHNOLOGY, INC.,**

        Defendant.

_____

**NON-WAIVER AND CLAW-BACK ORDER**
_____

        Micron Technology, Inc. ("Micron") has moved for entry of a non-waiver and claw-back order under Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502(e).  After considering Micron's motion and the record on file, the Court finds that there is good cause for entry of a non-waiver and claw-back order in this case.  Micron's motion is therefore granted and the Court orders that:

        1.      The inadvertent production of privileged or protected material during the course of discovery shall not be deemed a waiver or an impairment of any claim of privilege or protection, including the attorney-client privilege and the work-product doctrine, in this or any other state or federal proceeding, as to the material inadvertently produced or as to the subject matter thereof.

        2.      In the event counsel to a party producing documents in response to a request for production or disclosures pursuant to Federal Rule of Civil Procedure 26 ("Producing Party")

discovers an inadvertent production of privileged or protected material, the Producing Party shall notify counsel to the party who received the inadvertent production ("Receiving Party") in writing and identify the privileged or protected material by Bates number.  Upon receipt of a notice of inadvertent disclosure, the Receiving Party must refrain from viewing such material or using such material in any way, and must follow the Producing Party's instructions regarding the disposition of the material.  To the extent there is a disagreement regarding the proper disposition of the material, the Receiving Party shall refrain from using the material unless and until the Court makes a determination as to its proper disposition.

3. In the event the Receiving Party believes that the Producing Party inadvertently produced privileged or protected material, the Receiving Party shall notify the Producing Party in writing and identify the suspected privileged or protected material by Bates number within five business days of such discovery.  Once the Receiving Party believes that there has been an inadvertent disclosure, the Receiving Party must refrain from viewing such material or using such material in any way and must follow the Producing Party's instructions regarding the disposition of the material.  To the extent there is a disagreement regarding the proper disposition of the material, the Receiving Party shall continue to refrain from using the material unless and until the Court makes a determination as to its proper disposition.

**IT IS SO ORDERED.**

Dated:  _____, 2012.

_____
Hon. James O. Browning
United States District Judge

5450581_2.DOCX