**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

S2 AUTOMATION LLC,

       Plaintiff,

vs.                                                                    No. CIV 11-0884 JB/WDS

MICRON TECHNOLOGY, INC.,

       Defendant.

and

MICRON SEMICONDUCTOR ISRAEL, LTD.

       Counterclaimant in Intervention,

vs.

S2 AUTOMATION, LLC, S2 AUTOMATION
ISRAEL, LTD, YOSEF ASTANOVSKY,

       Counterdefendants in Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Micron Technology, Inc.'s Motion for Entry of a Non-Waiver and Claw-Back Order, filed May 10, 2012 (Doc. 46)("Motion").  The Court held a hearing on June 15, 2012.  The primary issue is whether the Court should require Plaintiff S2 Automation, LLC to enter into the non-waiver of privilege and clawback agreement that Defendant Micron Technology, Inc. has proposed.  Given that the proposed order is consistent with the Court's authority under rule 502(d) of the Federal Rules of Evidence and contains no questionable terms, the Court will grant the Motion.

## PROCEDURAL BACKGROUND

On May 10, 2012, Micron Technology filed its Motion requesting that the Court order S2 Automation to enter into a non-waiver of privilege and clawback agreement.  See Doc. 46.  Micron Technology relates that it has attempted to resolve this dispute with S2 Automation outside the courtroom, but that it has not been able to reach a resolution.  See Motion at 1-3.  It relates that "[a]greement or orders of this type are considered to be good practice, and district courts in other jurisdictions have recognized their usefulness." Motion at 3-4.  Micron Technology asserts that the agreement it has proposed is consistent with the terms of rule 502(e) of the Federal Rules of Evidence -- which provides non-waiver and clawback procedures.  See Motion at 4-5.  It asserts that "S2 [Automation] has not presented any reasonable basis to object to the proposed order."  Motion at 5.  Micron Technology's proposed Non-Waiver and Claw-Back Order, filed May 10, 2012 (Doc. 46-1), provides:

1.     The inadvertent production of privileged or protected material during the course of discovery shall not be deemed a waiver or an impairment of any claim of privilege or protection, including the attorney-client privilege and the work-product doctrine, in this or any other state or federal proceeding, as to the material inadvertently produced or as to the subject matter thereof.

2.     In the event counsel to a party producing documents in response to a request for production or disclosures pursuant to Federal Rule of Civil Procedure 26 ("Producing Party") discovers an inadvertent production of privileged or protected material, the Producing Party shall notify counsel to the party who received the inadvertent production ("Receiving Party") in writing and identify the privileged or protected material by Bates number.  Upon receipt of a notice of inadvertent disclosure, the Receiving Party must refrain from viewing such material or using such material in any way, and must follow the Producing Party's instructions regarding the disposition of the material.  To the extent there is a disagreement regarding the proper disposition of the material, the Receiving Party shall refrain from using the material unless and until the Court makes a determination as to its proper disposition.

3.     In the event the Receiving Party believes that the Producing Party inadvertently produced privileged or protected material, the Receiving Party shall

notify the Producing Party in writing and identify the suspected privileged or protected material by Bates number within five business days of such discovery. Once the Receiving Party believes that there has been an inadvertent disclosure, the Receiving Party must refrain from viewing such material or using such material in any way and must follow the Producing Party's instructions regarding the disposition of the material. To the extent there is a disagreement regarding the proper disposition of the material, the Receiving Party shall continue to refrain from using the material unless and until the Court makes a determination as to its proper disposition.

Non-Waiver and Claw-Back Order at 2-3.

On May 23, 2012, S2 Automation filed its S2's Response to Motion for Protective Order and Motion for Clawback. See Doc. 59 ("Response"). S2 Automation asserts that Micron Technology has not met its burden to show that the proposed Non-Waiver and Claw-Back Order is necessary to protect its interests. See Response at 6. S2 Automation focuses its arguments in its Response almost entirely on a separate dispute about a protective order Micron Technology has proposed. See Response at 1-14. S2 Automation contends that it "does not believe a claw back order is required but if the Court is inclined to adopt a claw back order, a separate order is not required and the provisions should be as set forth in ¶ 12 of Exhibit E." Response at 13-14.[1]

---

[1]Presumably, S2 Automation refers to a draft of a Protective Order, filed May 10, 2012 (Doc. 48-5) that has redline edits on it. This document is attached to a separate filing. See Doc. 48-5. This provision provides:

If a party, through inadvertence, produces confidential information without labeling or otherwise designating such information as "Confidential" or "Highly Confidential--Attorneys' Eyes Only," or inadvertently produces attorney client work product or privileged material, then the disclosing party must give written notice to the receiving party immediately upon discovering the inadvertence that the information should be treated in accordance with such designation. The receiving party shall treat the materials in accordance with the disclosing party's designation and case law and the rules of professional conduct regarding such disclosures unless and until otherwise provided herein, and the disclosing party shall be liable for any costs incurred by the receiving party in labeling or otherwise designating the materials in accordance with the disclosing party's designation.

At the hearing on June 15, 2012, the Court asked S2 Automation why it was resisting the entry of the Non-Waiver and Claw-Back Order, given that the order would mutually benefit all parties.  See Transcript of Hearing at 92:8-14 (taken June 15, 2012)(Court)("Tr.").[2]  S2 Automation related that it does not want to run into a situation where it is conducting a deposition and the other side asserts, during the deposition, that a document S2 Automation is using in the deposition should not have been produced.  See Tr. at 92:15-24 (Holland).  It related that the attorneys in the case are subject to ethical rules and rules of professionalism, so there is no need for such an agreement.  See Tr. at 92:25-93:4 (Holland).  The Court noted that it becomes more complicated to obtain inadvertently disclosed documents without an agreement such as this one in place.  See Tr. at 93:5-11 (Court).  The Court related that the Non-Waiver and Claw-Back Order would extend only to privileged documents and not to documents identified as confidential pursuant to a confidentiality order.  See Tr. at 93:12-18 (Court).  The Court stated that, even if the parties are in Israel, they are free to call the Court for a quick ruling on a dispute that arises.  See Tr. at 93:19-94:2 (Court).  The Court related that entering the Non-Waiver and Claw-Back Order would expedite the proceedings and get documents into S2 Automation's hands more quickly.  See Tr. at 93:19-94:2 (Court).  The Court told the parties that it will enter the Non-Waiver and Claw-Back Order and that, if S2 Automation has problems with the order, it may approach the Court with its concerns.  See Tr. at 94:3-9 (Court).

## ANALYSIS

Given that the proposed Non-Waiver and Claw-Back Order is consistent with the Court's

---

Protective Order at 10 (alterations omitted).

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

authority under rule 502(d) and contains no questionable terms, the Court will grant the Motion.

Rule 502(b) of the Federal Rules of Evidence provides:

> (b)     **Inadvertent Disclosure.**  When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
>
> > (1)     the disclosure is inadvertent;
> >
> > (2)     the holder of the privilege or protection took reasonable steps to prevent disclosure; and
> >
> > (3)     the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. Evid. 502(b).  Rule 502(d) provides: "A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court -- in which event the disclosure is also not a waiver in any other federal or state proceeding."  Fed. R. Evid. 502(d).  Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure provides:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B).

Under rule 502(d), the Court has the power to enter an order like the Non-Waiver and Claw-Back Order that Micron Technology has proposed.  See Fed. R. Evid. 502(d).  As the advisory committee note to this rule explains, it is not necessary for the parties to agree to such an order for a court to enter one.  See Fed. R. Evid. 502(d) advisory committee's note ("Under the rule, a

confidentiality order is enforceable whether or not it memorializes an agreement among the parties to the litigation. Party agreement should not be a condition of enforceability of a federal court's order."). The Court concludes that entry of Micron Technology's proposed Non-Waiver and Claw-Back Order is appropriate. "Confidentiality orders are becoming increasingly important in limiting the costs of privilege review and retention, especially in cases involving electronic discovery." Fed. R. Evid. 502(d) advisory committee's note. Accord Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of N.M., No. 09-0885, 2010 WL 4928866, at *8 (D.N.M. Oct. 22, 2010)(Browning, J.)(quoting Fed. R. Evid. 502(d) advisory committee's note). In situations where a party can waive attorney-client privilege or work-product privilege by disclosure, producing parties will produce discovery more slowly to protect privileges, which ultimately increases costs for both parties. See Manuel for Complex Litigation (Fourth) § 11.431, at 63 (2004)("Parties sometimes try to facilitate discovery by agreeing that the disclosure of a privileged document will not be deemed a waiver with respect to that document or other documents involving the same subject matter."). The proposed order largely memorializes the basic provisions in rule 502(b) and rule 26(b)(5)(B) while adding some uncontroversial details regarding procedures that the parties should follow. None of the provisions are tailored in a way that they benefit either party more than the other. This case has largely gotten off track based on discovery disputes such as this one. This order is non-controversial, given that it applies only to privileged information and work product, which undercuts S2 Automation's concern that clawback rules would apply to documents parties have designated as confidential. It does not apply to any information subject to a separate confidentiality order.

S2 Automation does not quibble with the details of Micron Technology's proposed Non-Waiver and Claw-Back Order, but does not like the overall concept. The train on that concept has already left the station, and clawback orders are staples of modern complex commercial litigation.

See Doe v. Nebraska, 788 F.Supp.2d 975, 986 (D. Neb. 2011)("The parties are encouraged to consider using protective orders, or 'claw-back' agreements such as those contemplated under Rule 502(d) and (e).").  As Professor James Moore has stated:

> Federal courts may enter confidentiality orders providing that disclosure of privileged or protected material in a litigation pending before the court does not constitute waiver in other state or federal proceedings.  In suggesting this provision, the Advisory Committee acknowledged that the utility of a confidentiality order in reducing discovery costs is substantially diminished if it provides no protection outside the particular litigation in which the order is entered.   Entry of a confidentiality order will prevent nonparties to the litigation from obtaining privileged material produced pursuant to such a confidentiality order.  The rule also encompasses situations in which the parties are ordered to provide documents under a "claw-back" or "quick peek" arrangement.  These types of arrangements allow the parties to produce documents for review and return without engaging in a privilege review, but without waiver of privilege or work product protection, as a way to avoid the excessive costs of full privilege review and disclosure when large numbers of documents are involved.  The rule provides the parties with predicable protection from waiver when responding to a court order for production of documents pursuant to such an arrangement.

6 J. Moore, Moore's Federal Practice § 26.49[5][h][v], at 26-387 (3d ed. 2012)(footnotes omitted). Furthermore, S2 Automation's proposed language for a clawback agreement appears in a confidentiality order it has proposed, and the Court cannot easily use the language in the proposed confidentiality order to create a straightforward order regarding non-waiver of privilege like the one Micron Technology has provided.  Thus, the Court will enter Micron Technology's proposed Non-Waiver and Claw-Back Order.

IT IS ORDERED that Micron Technology, Inc.'s Motion for Entry of a Non-Waiver and Claw-Back Order, filed May 10, 2012 (Doc. 46), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Alicia L. Gutierrez
Moses, Dunn, Farmer & Tuthill, P.C.
Albuquerque, New Mexico

-- and --

Martin K. Holland
Holland Law, P.C.
Albuquerque, New Mexico

-- and --

Or Baron Gil
Meitar Liquomik Geva & Leshem Brandwein
Ramat Gan, Israel

   *Attorneys for the Plaintiff*

Bradford C. Berge
Holland & Hart LLP
Santa Fe, New Mexico

-- and --

Erik F. Stidham
Scott E. Randolph
Holland & Hart LLP
Boise, Idaho

   *Attorneys for the Defendant and the Intervenor*