IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

S2 AUTOMATION LLC,

      Plaintiff,

vs.                                                                       No. CIV 11-0884 JB/WDS

MICRON TECHNOLOGY, INC.,

      Defendant.

and

MICRON SEMICONDUCTOR ISRAEL, LTD.

      Counterclaimant in Intervention,

vs.

S2 AUTOMATION, LLC, S2 AUTOMATION
ISRAEL, LTD, YOSEF ASTANOVSKY,

      Counterdefendants in Intervention.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Micron Technology, Inc.'s Motion to Stay Discovery, Extend Pretrial Deadlines, Vacate Trial Setting and for Protective Order, filed May 30, 2012 (Doc. 60)("Motion to Stay"). The Court held a hearing on June 15, 2012. The primary issues are: (i) whether the Court should stay the proceedings; (ii) whether the Court should enter a protective order for Defendant Micron Technology, Inc. based on Plaintiff S2 Automation LLC noticing depositions in Israel; (iii) whether the Court should quash the notice of depositions for depositions to take place in Israel; and (iv) whether the Court should extend the pretrial deadlines in the case and vacate the current trial setting. The Court will grant in part and deny in part the

Motion to Stay. In light of the rulings the Court gave at the June 15, 2012, hearing and the significant progress the case has made in terms of resolving the pending motions, the Court will not stay the proceedings until the Court resolves the pending disputes. Given that the parties mutually agreed at the June 15, 2012, hearing that it is necessary to vacate the depositions scheduled to take place in Israel, the Court will not enter a protective order and will not quash the notices of deposition. The parties have mutually agreed to vacate all scheduled depositions. In light of the increased complexity of the case in the past several months, the Court will extend pretrial deadlines and vacate the current trial setting. The Court will hold a scheduling conference on July 24, 2012.

## PROCEDURAL BACKGROUND

On October 3, 2011, S2 Automation filed its Complaint for Breach of Contract, Conversion, Misrepresentation and Unjust Enrichment. See Doc. 1 ("Original Complaint"). On April 12, 2012, S2 Automation filed its Amended Complaint for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Conversion, Fraudulent Misrepresentation, Negligent Misrepresentation and Unjust Enrichment. See Doc. 36 ("Amended Complaint"). S2 Automation asserts six causes of action against Micron Technology: (i) Breach of Contract; (ii) Breach of Duty of Good Faith and Fair Dealing; (iii) Conversion; (iv) Fraudulent Misrepresentation; (v) Negligent Misrepresentation; and (vi) Unjust Enrichment. See Amended Complaint at 11-15. On May 3, 2012, Intervenor Micron Semiconductor Israel Ltd. ("Micron Israel") filed a motion seeking to intervene in the case. Micron Semiconductor Israel, Ltd.'s Motion to Intervene as Counterclaimant (Doc. 42)("Motion to Intervene"). On May 3, 2012, Micron Technology filed a motion seeking to compel discovery from S2 Automation. See Micron Technology, Inc.'s Motion to Compel (Doc. 43)("Motion to Compel"). On May 10, 2012, Micron Technology filed a motion asking the Court for entry of a protective order to facilitate the production of commercially sensitive information.

See Micron Technology, Inc.'s Motion for Entry of Protective Order (Doc. 45)("Motion for Protective Order").  On May 10, 2012, Micron Technology filed a motion asking the Court to enter a non-waiver and clawback order to protect the parties from the inadvertent disclosure of privileged information.  See Micron Technology, Inc.'s Motion for Entry of a Non-Waiver and Claw-Back Order (Doc. 46)("Motion for Clawback Order").

On May 30, 2012, Micron Technology filed its Motion to Stay.  See Doc. 60.  Micron Technology relates that a variety of complications have arisen in the case that require "a stay of discovery and resetting of the trial date and related deadlines," including: (i) S2 Automation "refus[ing] to enter into a form protective order"; (ii) S2 Automation "refus[ing] to agree upon the normal and typical non-waiver and claw-back provisions in a protective order"; (iii) the addition of new claims and allegations in S2 Automation's amended pleading; (iv) S2 Automation "refus[ing] to agree to allow the proper party to intervene in this litigation (Micron Semiconductor Israel, Ltd.)"; (v) S2 Automation "refus[ing] to produce documents from its Israeli entity S2 Automation Israel Ltd."; (vi) S2 Automation "refus[ing] to allow its subsidiary S2 Israel and its CEO . . . Mr. Astanovsky to be added as parties to the litigation"; and (vii) S2 Automation's "decision to unilaterally notice depositions, in Israel, of non-parties."  Motion to Stay at 2-3. Micron Technology asserts that, "[u]ntil all the parties are finally resolved, including all of the claims, counterclaims and defenses, discovery and deposition scheduling should be stayed."  Motion to Stay at 3.  Micron Technology requests "an order quashing S2's improper deposition notices, staying discovery, extending pretrial deadlines, and vacating the trial setting."  Motion to Stay at 4.  Micron Technology relates that the reality that most of the relevant events for this case occurred in Israel makes this case a highly complex one.  See Motion to Stay at 4-5.

On June 13, 2012, S2 Automation filed its S2's Response to Motion to Stay Discovery,

Extend Pretrial Deadlines Vacate Trial Setting and For Protective Order. See Doc. 70 ("Response"). S2 Automation asserts that "Micron's Motion is, in essence, yet another step in its overall strategy to force S2 [Automation] to agree to an overly restrictive protective order, to increase litigation costs to S2 [Automation] to levels it cannot support and to delay resolution of this matter." Response at 1. S2 Automation contends that its "Amended Complaint is not a dramatic departure from its original complaint." Response at 2. S2 Automation relates that it tried to work out mutually agreeable deposition times with Micron Technology and was not able to do so. See Response at 5-7. S2 Automation asserts that a stay is an extraordinary remedy that is not appropriate under the circumstances. See Response at 8. S2 Automation argues that a protective order regarding the depositions it intends to take is not appropriate. See Response at 9. On June 15, 2012, Micron Technology filed its Reply in Support of Micron Technology, Inc.'s Motion to Stay Discovery, Extend Pretrial Deadlines, Vacate Trial Setting and for Protective Order. See Doc. 73.

At the hearing on June 15, 2012, the Court stated that it was inclined to grant the Motion to Intervene and to permit Micron Israel to intervene in the lawsuit. See Transcript of Hearing at 24:3-20 (taken June 15, 2012)(Court)("Tr.").[1] The Court was able to resolve several of the issues raised in the Motion to Compel and gave the parties guidance as to how it would decide the remaining issues. The Court stated that it was inclined to grant in part and deny in part the Motion for Protective Order. See Tr. at 82:14-25 (Court). The Court stated that it was not inclined to stay the case given the progress that the parties and the Court had made at the hearing. See Tr. at 83:19-24 (Court). In light of the situation, the Court suggested that the best course of action may be to vacate the currently scheduled depositions. See Tr. at 84:2-9 (Court). S2 Automation said that vacating

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

the depositions would be the appropriate course of action, given that Micron Israel would likely be entering the case soon. See Tr. at 84:10-13 (Holland). The Court proposed vacating the current deadlines in the case. See Tr. at 86:1-4 (Court). The parties agreed that vacating the current deadlines would be appropriate. See Tr. at 86:5-12 (Holland, Court). The Court then set a scheduling conference for July 24, 2012. See Tr. at 89:6-8 (Court). The Court stated that it was inclined to grant the Motion for Clawback Order and that it would enter Micron Technology's proposed clawback order. See Tr. at 94:3-9 (Court).

On July 23, 2012, the Court granted the Motion to Intervene. See Sealed Memorandum Opinion and Order at 1-2 (Doc. 85). On July 23, 2012 the Court granted the Motion for Clawback. See Memorandum Opinion and Order at 1 (Doc. 86). On July 23, 2012, the Court granted in part and denied in part the Motion for Protective Order. See Memorandum Opinion and Order at 1-2 (Doc. 90).

## ANALYSIS

The Court will grant in part and deny in part the Motion to Stay. In light of the rulings the Court gave at the June 15, 2012, hearing and the significant progress the case has made in terms of resolving the pending motions, the Court will not stay the proceedings until the Court resolves the pending disputes. Given that the parties mutually agreed at the June 15, 2012, hearing that it is necessary to vacate the depositions scheduled to take place in Israel, the Court will not enter a protective order and will not quash the notices of deposition. At the hearing on June 15, 2012, the parties agreed to vacate all scheduled depositions. In light of the increased complexity of the case in the past several months, the Court will extend pretrial deadlines and vacate the current trial setting. The Court will hold a scheduling conference on July 24, 2012.

The United States Court of Appeals for the Tenth Circuit has explained the difficult burden

a party seeking a stay generally faces: "In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others."  Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983).  "The underlying principle clearly is that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'"  Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt, Inc., 713 F.2d at 1484 (quoting Klein v. Adams & Peck, 436 F.2d 337, 339 (2d Cir.1971)).

Ultimately, a stay is unnecessary.  The Court and parties have made significant progress on the disputed matters in this case.  The Court has issued rulings on many of the motions that Micron Technology contended needed to be resolved before the case proceeded.  The Court agrees that the stage of the proceedings is such that the Court should vacate all current deadlines.  The Court will hold a scheduling conference on July 24, 2012, to get the case back on track and set new deadlines.

**IT IS ORDERED** that Micron Technology, Inc.'s Motion to Stay Discovery, Extend Pretrial Deadlines, Vacate Trial Setting and for Protective Order, filed May 30, 2012 (Doc. 60), is granted in part and denied in part.  The Court will extend the pretrial deadlines, vacate the current trial setting, and set a scheduling conference for July 24, 2012.  The parties have also mutually agreed to vacate all currently scheduled depositions.  The Court otherwise denies the Motion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Or Baron Gil
Meitar Liquomik Geva & Leshem Brandwein
Ramat Gan, Israel

-- and --

Alicia L. Gutierrez
Moses, Dunn, Farmer & Tuthill, P.C.
Albuquerque, New Mexico

-- and --

Martin K. Holland
Holland Law, P.C.
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Bradford C. Berge
Holland & Hart LLP
Santa Fe, New Mexico

-- and --

Erik F. Stidham
Scott E. Randolph
Holland & Hart LLP
Boise, Idaho

  *Attorneys for the Defendant and the Intervenor*